**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eseta SAMUSEVA, Defendant— Appellant.**

**No. 05–10129.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided April 13, 2006.

---

Michael K. Kawahara, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Shawn A. Luiz, Esq., Law Offices, Honolulu, HI, for Defendant–Appellant.

Before: BERZON, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Eseta Samuseva pleaded guilty in district court to possession with intent to distribute cocaine base within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(b). On appeal, Samuseva argues that the district court lacked subject matter jurisdiction with regard to § 860(b) because there was insufficient evidence that Aala Park was a "playground" within the meaning of § 860.

The subject matter jurisdiction argument is meritless. Whether the government presented sufficient evidence that Aala Park was a "playground" within the meaning of the statute has nothing to do with subject matter jurisdiction. Further, this case was decided on a guilty plea, so the defendant waived the requirement that the government prove its factual case.

Samuseva could have cast a somewhat similar argument under Federal Rule of Criminal Procedure 11(b)(3), arguing that the guilty plea should not have been accepted because the district court had an inadequate factual basis for concluding that Aala Park was a "playground" meeting the statutory criteria. Even if we were to exercise our discretion to reach the Rule 11 issue because it was discussed in the government's brief, *see Boldt v. Crake (In re Riverside–Linden Inv. Co.),* 945 F.2d 320, 324 (9th Cir.1991), we would affirm.

Applying the applicable plain error prejudice standard, *United States v. Monzon,* 429 F.3d 1268, 1271 (9th Cir.2005), there is no basis for concluding that "it is reasonably probable [Samuseva] would have gone to trial absent the error." *Id.* at 1272 (internal quotation marks omitted). There is no indication that Aala Park is not in fact a "playground" within the meaning of 21 U.S.C. § 860, particularly in light of (1) Samuseva's prior plea for an offense under § 860 committed at Aala Park, and (2) *United States v. Migi,* 329 F.3d 1085 (9th Cir.2003), which held that Aala Park was a "playground" within the meaning of § 860. Also, the government's factual basis, although not entirely precise, did specify that "Aala Park ... is a playground that has the requisite three or more playground equipment." The defendant was therefore on notice that the government had an obligation to prove that Aala Park had "three

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

or more separate apparatus intended for the recreation of children," 21 U.S.C. § 860(e)(1), yet did not indicate in any way that there were *not* "three or more separate apparatus" within the meaning of § 860. *Cf. Monzon,* 429 F.3d at 1273 (noting the defendant denied possessing a gun in furtherance of his drug crime, the fact at issue in the appeal under Rule 11(b)(3)). Given these circumstances, Samuseva has not established that it is "reasonably probable" that a more specific factual basis would have dissuaded her from pleading guilty.

Because of the decision we reach, no further communication with the court by either party will be necessary.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.