**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodolfo PEREZ–MORALES,**
**Defendant–Appellant.**

No. 06–10004.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.[*]

Filed Oct. 23, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monte C. Clausen, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Myrna Rodriguez Beards, Esq., Tucson, AZ, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Rodolfo Perez–Morales appeals from his guilty-plea conviction for knowingly and intentionally attempting to enter the United States after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

■ Perez–Morales contends that in light of the district court's failure to advise

him accurately of the elements of the charged offense, and failure to set forth accurately the factual basis for the offense, remand is necessary pursuant to *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir.2005) (remanding where the court failed to establish a factual basis and failed to ensure that defendant understood the charges against him, such that the omission "likely affected [defendant's] assessment of his strategic position"). Informed by the entire record, we conclude that Perez–Morales cannot show a "reasonable probability that, but for the error, he would not have entered the plea." *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). At both change of plea hearings, the government accurately set forth a factual basis for the offense, which Perez–Morales did not dispute.

■ To the extent that Perez–Morales contends that his guilty plea was not voluntary, knowing, and intelligent, we conclude that he was permitted to make "a free choice among the acceptable alternatives available at the plea stage," and that he had the information necessary to choose intelligently between pleading guilty or proceeding to trial. *See United States v. Hernandez*, 203 F.3d 614, 619 n. 5 (9th Cir.2000) (italics omitted). The plea agreement accurately set forth the elements of the offense and the factual basis, and the government accurately set forth the elements of the offense and the factual basis during both the first and second change of plea hearings.

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to

§ 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)). We also instruct the district court to eliminate the reference in the judgment to "illegal reentry," and correct the judgment to reflect conviction for attempted illegal reentry.

**AFFIRMED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.