**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4631**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK SCHWENKE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00079-FDW-1)

Submitted:  January 19, 2010      Decided:  January 26, 2010

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patrick Schwenke, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Schwenke pled guilty to conspiracy to possess marijuana with intent to distribute, 21 U.S.C. § 846 (2006) (Count One), and using and carrying a firearm during and in relation to a drug trafficking crime or possession of a firearm in furtherance of such a crime, 18 U.S.C. § 924(c) (2006) (Count Four). Upon the government's motion for a substantial assistance departure, U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2008), Schwenke was sentenced to eighteen months imprisonment for the conspiracy followed by a consecutive five-year term for the § 924(c) count. Proceeding pro se, Schwenke appeals his conviction of the firearm offense.[*] We affirm.

Schwenke was arrested at a warehouse he leased, which contained evidence of his involvement in marijuana trafficking, and where over 2000 pounds of marijuana had just been delivered. From Schwenke's residence, authorities seized $83,000 in cash, two ounces of marijuana, and a shotgun. Schwenke's plea agreement stipulated that a factual basis existed for his guilty plea and that the district court could use any uncontested facts

---

[*] Under the terms of his plea agreement, Schwenke waived his right to appeal his conviction. Because the government does not seek to enforce the waiver, we need not address it. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

2

in the presentence report to establish the factual basis. Schwenke consented to a plea hearing before a magistrate judge, who conducted a Fed. R. Crim. P. 11 hearing and accepted his plea, but deferred the factual basis until sentencing. At sentencing, Schwenke made no objections to the presentence report and expressly agreed that the facts in the presentence report constituted a factual basis for his guilty plea.

Schwenke now asserts that his guilty plea to the firearm offense lacked a factual basis because the shotgun seized from his home had not been used for a long time and that the district court erred in accepting his guilty plea. Because Schwenke did not raise this issue in the district court, we review the claim of Rule 11 error under the plain error standard. United States v. Vonn, 535 U.S. 55, 63 (2002); United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). The district court may rely on stipulated facts to support a plea. United States v. Ketchum, 550 F.3d 363, 367 (4th Cir. 2008). Schwenke did not assert in the district court that he possessed the shotgun for any reason other than furtherance of the drug conspiracy. His case is thus distinguishable from United States v. Monzon, 429 F.3d 1268 (9th Cir. 2005), on which he relies. We conclude that the district court did not err in accepting his guilty plea. To the extent that Schwenke is

3

raising a claim of ineffective assistance of counsel, we decline to consider the claim because the face of the record does not conclusively establish that counsel provided ineffective representation. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED