**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANGEL TORRES-GUARDADO,

Defendant - Appellant.

No. 09-36095

D.C. Nos. 1:09-cv-00006-RFC
1:07-cr-00022-RFC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted December 5, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District
Judge.[**]

Federal prisoner Jose Angel Torres-Guardado appeals the district court's

denial of his 28 U.S.C. § 2255 motion. At issue is whether appellate counsel

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

rendered ineffective assistance by failing to appeal the inadequate factual basis for Torres-Guardado's Rule 11 guilty plea to the charge of conspiracy to distribute methamphetamine. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.

Analyzing Torres-Guardado's ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984), we agree with the district court's decision that Torres-Guardado has failed to demonstrate that his Sixth Amendment right to counsel was violated. Specifically, Torres-Guardado has not established that he suffered prejudice as a result of his counsel's failure to appeal the inadequate factual basis for his guilty plea.[1] Documents produced by the government in discovery show that Torres-Guardado purchased drugs from a co-conspirator in Denver. Torres-Guardado also admitted to the magistrate judge that he did not manufacture the drugs himself. Based on the entire record, Torres-Guardado has failed to show a reasonable probability that but for the alleged Rule 11 error he would not have entered the guilty plea. *See United States v. Dominguez Benitez*,

---

[1] An ineffective assistance of counsel claim is analyzed under the two-part test developed in *Strickland*. The "defendant must show that counsel's performance was deficient" and "the defendant must show that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687. The court may address these prongs in either order and it need not analyze both parts if the defendant cannot establish either prong. *Id.* at 697.

542 U.S. 74, 83 (2004); *United States v. Monzon,* 429 F.3d 1268, 1271-72 (9th Cir. 2005).

**AFFIRMED.**