FILED

JUN 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGEL VERA CAMPOS,

Defendant - Appellant.

No. 12-30101

D.C. No. 2:11-cr-00109-RMP-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted June 5, 2013
Seattle, Washington

Before: ALARCÓN, MCKEOWN, and IKUTA, Circuit Judges.

Angel Vera Campos appeals his guilty plea and sentence arising from

methamphetamine-related offenses, asserting that the district court committed

several errors under Federal Rule of Criminal Procedure 11 in accepting his plea.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Since Campos did not raise his Rule 11 arguments below, we review them for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The district court played no role in negotiating the terms of the plea agreement and did not pressure or advise Campos to take the government's offer. *See United States v. Collins*, 684 F.3d 873, 883 n.2 (9th Cir. 2012). Therefore, it did not commit error under Rule 11(c).

Because the record does not show that Campos bore or actively employed a firearm in relation to possessing methamphetamine with intent to distribute, the district court accepted Campos's plea without a factual basis for "use" or "carry" liability under 18 U.S.C. § 924(c)(1) and therefore erred under Rule 11(b)(3). *See United States v. Guess*, 203 F.3d 1143, 1147 (9th Cir. 2000).

The district court inaccurately informed Campos that simply having a firearm in one's house sufficed for § 924(c)(1) liability as alleged. *Cf. id.* Because Campos pleaded guilty on that count immediately after being so informed, we conclude that the district court also erred under Rule 11(b)(1) by accepting Campos's plea without ensuring that he understood the nature of the § 924(c)(1) charge against him.

During the change of plea colloquy and at sentencing, Campos repeatedly expressed confusion as to why his conduct could support a § 924(c)(1) conviction,

2

thus creating a "reasonable probability that, but for the error[s], he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83.

We vacate Campos's judgment of conviction on the § 924(c)(1) count only and remand for further proceedings. *See United States v. Monzon*, 429 F.3d 1268, 1274 (9th Cir. 2005).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.