**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JORGE CRUZ-VIZCARRA,

        Defendant - Appellant.

No. 12-30346

D.C. No. 1:12-cr-00043-EJL-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 4, 2014[**]
Portland, Oregon

Before: GOODWIN, TROTT, and W. FLETCHER, Circuit Judges.

Notwithstanding his waiver of his right to appeal, Cruz-Vizcarra attempts to

appeal his sentence of 322 months imposed pursuant to his plea of guilty. He

pleaded guilty to two felony counts involving controlled substances: possession of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

methamphetamine with the intent to distribute, and possession of a firearm in furtherance of a drug-trafficking crime.

Cruz-Vizcarra alleges that, during his Rule 11 guilty-plea colloquy, the district court failed "to accurately inform [him], or determine that he understood, the [applicable] mandatory minimum sentence" he was facing. Thus, he says, his plea colloquy was fatally defective, and therefore so were his plea and appellate waiver.

Cruz-Vizcarra did not object to this alleged lapse. Thus, we review for plain error. United States v. Monzon, 429 F.3d 1268, 1271 (9th Cir. 2005).

Even if we were to conclude that the court's language (1) was error and, (2) that the error was plain, we conclude nevertheless that it did not (1) affect Cruz-Vizcarra's substantive rights, or (2) seriously affect the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725, 732 (1993).

The government's evidence against Cruz-Vizcarra was undeniably sufficient to establish his guilt of the offenses to which he pleaded guilty. Before he entered his plea, he had been informed on multiple occasions of the mandatory minimums he faced, including by the magistrate judge at his arraignment on the indictment. His plea agreement, which he acknowledged and his attorney signed, advised him

that he would serve not less than ten years on Count 5, and not less than five years on Count 6. Then, those statutory minimums appeared in writing once again in his PSR, which did not cause him to attempt to withdraw his plea. At sentencing, his own lawyer acknowledged in Cruz-Vizcarra's presence the applicable statutory minimums.

Accordingly, we reject Cruz-Vizcarra's plea-colloquy-related issues.

Because we conclude that Cruz-Vizcarra's plea-related issues have no merit, we also conclude that his waiver of his right to appeal was valid. Because the rest of his sentencing issues fall outside of his limited reservation of appellate rights, those issues are not properly before us.

AFFIRMED in part and DISMISSED in part.