**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10315 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00903-SPL-1 |
| v. | |
| JOSE ANGEL BENAVIDES CRISTERNA, AKA Jose Benavides, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 5, 2019
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Jose Benavides Cristerna received a 108-month sentence after pleading guilty to conspiracy to possess heroin with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and conspiracy to commit money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(I) and 1956(h). We have jurisdiction of his appeal under 28 U.S.C. § 1291. Because Benavides entered into a plea agreement with a valid appellate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

waiver, we dismiss the appeal.

1. The sentencing judge confirmed that Benavides understood he had waived his right to appeal. The judge's later admonition—that if Benavides nonetheless believed he still had a right to appeal, a notice of appeal must be filed timely—did not vitiate that waiver. *Cf. United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir. 2009) (finding no waiver despite plea agreement when sentencing judge twice told defendant unequivocally that he had right to appeal).

2. Nor did any violations of Federal Rule of Criminal Procedure 11 in the plea colloquy vitiate the plea agreement and appellate waiver. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Because Benavides did not object to the Rule 11 colloquy, we review for plain error. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). A defendant alleging plain Rule 11 error must establish "a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 83; *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015). But, Benavides does not contend that the challenged omissions in the plea colloquy (at least one of which the government agrees violated Rule 11) in any way impacted his decision to plead guilty.[1] *Cf. United States v. Monzon*, 429 F.3d 1268, 1272–74 (9th

---

[1] Although Benavides claimed at sentencing that he expected a sentence of eight years or less, the colloquy (and the judge's questioning of counsel at sentencing) made plain that there was no such agreement and that Benavides understood he faced a maximum sentence well in excess of eight years.

Cir. 2005).

3. Benavides' appellate waiver included an express exception for claims of ineffective assistance of counsel. We decline to consider those claims on direct appeal, because the record is not sufficiently developed. *United States v. Andrews*, 75 F.3d 552, 557 (9th Cir. 1996). Benavides may "pursue the issue in district court collateral proceedings." *United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011).

4. Benavides' attacks on his sentence are barred by the appellate waiver. The sentencing judge's statements about "ballistic vests" and "stash houses" were not demonstrably the basis for the sentence and therefore did not violate due process, even assuming they were inaccurate. *See United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012). The sentence imposed was the lowest point of the range recommended by the presentencing report, and Benavides does not argue that there was false information in that report. *See United States v. Hill*, No. 17-35719, slip op. at 13–14 (9th Cir. Feb. 7, 2019).

**APPEAL DISMISSED.**

3