NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50471 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00932-CAS-1 |
| v. | |
| ERIK LEONARDUS PEETERS, AKA Alex, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted August 13, 2019
Pasadena, California

Before: CALLAHAN, D.M. FISHER,** and CHRISTEN, Circuit Judges.

Erik Peeters was charged with and pled guilty to engaging in illicit sexual

conduct in foreign places, in violation of 18 U.S.C. § 2423. He appeals the District

Court's denial of his motions to dismiss the indictment and withdraw his guilty

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

plea. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.

Peeters initially argued on appeal that the District Court should have granted his motion to dismiss his indictment because § 2423 is, in part, unconstitutional. He asserted that the statute's prohibition of non-commercial sexual activity abroad exceeds the scope of Congress's power under the Foreign Commerce Clause. Shortly before oral argument, this Court rejected that precise argument in a different case, *United States v. Lindsay*, 931 F.3d 852, 863 (9th Cir. 2019). Peeters' counsel conceded at oral argument that *Lindsay* resolves his constitutional challenge.

Peeters also challenges the District Court's denial of his motions to withdraw his guilty plea, arguing that the plea was based on insufficient facts—specifically, that his plea agreement did not draw the requisite causal connection between the gifts and money he gave his victims and the sexual acts he inflicted on them. He admits that this argument falls within the scope of the plea agreement's appellate waiver. However, he asserts that the waiver does not apply because, where a plea agreement is invalid due to an insufficient factual basis, any appellate waiver it contains is invalid as well. Peeters is correct on this point of law. *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999). He did not attack the factual sufficiency of his plea agreement in the District Court, so we review for

plain error. *United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005).

There was no error, plain or otherwise. Peeters' plea agreement admits that he engaged in illicit sexual conduct as defined in § 2423(f)(2)—namely, "any commercial sex act," which is "any sex act, *on account of which* anything of value is given to or received by any person." (emphasis added) (first quoting 18 U.S.C. § 2423(f)(2); then quoting *id.* § 1591(e)(3)). Thus, the plea agreement spells out the required causation.

Nor is Peeters released from the plea agreement by the Government's actions. The agreement preserved Peeters' right to "seek review of the adverse determination of [his] motion to dismiss the indictment for alleged violation of the Commerce Clause." Peeters contends that the Government went back on its word by arguing on appeal that the constitutional issue is waived. The Government, however, does not argue classic waiver, i.e., failure to preserve the issue. Rather, the Government asserts that Peeters' argument regarding non-commercial activity cannot succeed because he admitted that he engaged in commercial activity. In its brief, the Government uses the term "waiver" loosely—it might have done better by calling the argument "foreclosed"—but the Government's less-than-meticulous word choice does not constitute a breach of the agreement. The Government promised Peeters could appeal the constitutional issue; it did not promise to refrain from counterargument.

16-50471

Because no infirmity of the plea agreement and no Government action undermines Peeters' valid waiver of his right to appeal all issues except the constitutional one resolved by *Lindsay*, 931 F.3d at 863, we dismiss his challenge to the denial of his motions to withdraw his guilty plea. *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) ("Where an appeal raises issues encompassed by a valid, enforceable appellate waiver, the appeal generally must be dismissed.").

We **AFFIRM** the denial of the motion to dismiss the indictment and **DISMISS** the appeal insofar as it pertains to the denial of the motions to withdraw the guilty plea.[1]

---

[1] We deny Peeters' motion to augment the record with a plea agreement that the Government offered and he rejected. The parties told the District Court there had been fruitless negotiations, but they did not attempt to submit the rejected agreement to the Court. Therefore, it was not omitted from the record due to error or accident. *See* Fed. R. App. P. 10(e)(2) ("If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected . . . ."); *United States v. Bischel*, 61 F.3d 1429, 1436 n.7 (9th Cir. 1995) (denying motion "because the proffer is not a 'correction or modification' of the record within the meaning of F.R.A.P. 10(e) but a new, post-trial addition to it"). In any event, we have reviewed Peeters' argument regarding the rejected agreement, and even if the agreement were part of the record, our analysis would not change.

16-50471