NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10220 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00198-LJO-SKO-1 |
| v. | |
| CARLOS MONTANO, AKA Loco, AKA Carlos Montano III, AKA Loco Montano, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 6, 2021
San Francisco, California

Before: LUCERO,** IKUTA, and VANDYKE, Circuit Judges.

At a change-of-plea hearing on February 11, 2019, Carlos Montano pleaded

guilty to three of the thirteen counts in his indictment: conspiracy to distribute

methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), interstate

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

transportation for prostitution in violation of 18 U.S.C. § 2421, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court imposed a sentence of 262 months imprisonment and 60 months supervised release.

Montano challenges the validity of his guilty plea, arguing the district court plainly erred because the factual basis for Montano's plea failed to establish that (1) Montano knew he was a felon with respect to the § 922(g)(1) charge, (2) the firearm traveled in interstate commerce, and (3) the firearm Montano possessed was the same firearm identified in the indictment. Montano also argues that the district court plainly erred under Federal Rule of Criminal Procedure 11 ("Rule 11") during his plea colloquy by failing to inform him of the full rights and consequences of his plea (in violation of Rule 11(b)(1)) and failing to inquire on the record whether his plea was voluntary (in violation of Rule 11(b)(2)). He also challenges the district court's imposition of a standard risk-notification condition of supervised release as unconstitutionally vague.

We have jurisdiction under 28 U.S.C. § 1291 and review all of Montano's challenges for plain error given that he failed to raise them below. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Finding no plain error that affected Montano's substantial rights, we affirm his convictions, sentence, and conditions of release.

To convict a defendant under § 922(g)(1), the government must prove the defendant knew he was a felon at the time he possessed the firearm. *Rehaif v. United*

2

*States*, 139 S. Ct. 2191, 2200 (2019). The district court did not advise Montano of this element at his change-of-plea hearing, nor was it mentioned in the plea agreement exhibit laying out the factual basis for Montano's guilty plea. To establish plain error, Montano bears the burden of showing (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). Here, it is undisputed that the first two elements of the plain error test are satisfied as the district court committed (1) an error, (2) that is plain under *Rehaif*.

But Montano has not satisfied the third element of the plain error test because the *Rehaif* error did not affect his substantial rights. An error affects substantial rights only when, based on the entire record, the defendant shows "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005) (citation omitted); *see also Greer v. United States*, 141 S. Ct. 2090, 2098 (2021). According to his presentence investigation report, Montano had an extensive criminal history, including four prior felony convictions (one as a felon in possession of a firearm, and two that resulted in multi-year sentences). Montano points to nothing in the record indicating that he would not have entered the plea if the district court had satisfied *Rehaif*. Accordingly, the district court's *Rehaif* error did not amount to plain error sufficient

3

to reverse Montano's convictions.

Likewise, no plain error resulted from the fact that the exhibit to the plea agreement setting forth the factual basis for Montano's guilty plea failed to establish that Montano's firearm traveled in interstate commerce, and erroneously identified a different gun than the gun charged in the indictment. The record as a whole provided an adequate factual basis for both elements. First, the presentence report describes a video posted on social media by Montano, in which Montano is holding the gun referenced in Count 24 of the indictment. This sufficiently establishes that Montano illegally possessed the same gun identified in the indictment. Second, the record shows that this gun was manufactured in California, later reported stolen in Nevada, and ultimately found in Montano's possession in California. This provides a sufficient factual basis that Montano's firearm traveled in interstate commerce. Therefore, Montano has failed to establish, based on the entire record, "a reasonable probability that, but for the error, he would not have entered the plea." *Monzon*, 429 F.3d at 1272 (citation omitted).

Next, Montano contends that the district court erred by failing to strictly comply with Rule 11(b)(1) and Rule 11(b)(2) during his plea colloquy. Because Montano did not object during the plea colloquy, we review for plain error and Montano bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542

4

U.S. 74, 76 (2004); Fed. R. Crim. P. 52(b).

Rule 11(b)(1) requires the district court to "inform the defendant of, and determine that the defendant understands," various rights and consequences during a personal address in open court. Fed. R. Crim. P. 11(b)(1). Montano argues that the district court failed to comply with several subsections of Rule 11(b)(1).[1] But none of the alleged shortcomings, even if they amounted to plain error, affected Montano's substantial rights as he has not demonstrated a reasonable probability that absent those errors he would have pleaded differently. *Dominguez Benitez*, 542 U.S. at 76. Accordingly, any Rule 11(b)(1) error does not amount to plain error sufficient to reverse Montano's convictions.

Rule 11(b)(2) requires the district court to "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)" before accepting a guilty plea. Fed. R. Crim. P. 11(b)(2). The district court asked Montano if his decision to plead guilty was the result of force, threats, or promises beyond the plea agreement, but did not specifically ask Montano if his plea was "voluntary."

After reviewing "the entire record and not [] the plea proceedings alone," however, it is clear that Montano's plea was nonetheless entered voluntarily, and he

---

[1] Specifically, Montano claims that the district court violated subsections (b)(1)(A), (b)(1)(C), (b)(1)(D), (b)(1)(E), (b)(1)(J), (b)(1)(L), (b)(1)(M), and (b)(1)(N) of Rule 11.

has failed to prove otherwise or establish a "reasonable probability" that proper compliance with Rule 11(b)(2) would have resulted in a different plea. *Monzon*, 429 F.3d at 1271–72. Montano's plea agreement, which he signed after reviewing with his attorney, acknowledged that: "I understand it, and I voluntarily agree to it." Further, after explaining Montano's trial rights to him, the district court asked Montano: "Do you wish to give [your trial rights] up and plead guilty?" To which Montano responded: "Yes, sir." Accordingly, Montano has not met his burden to demonstrate that the Rule 11(b)(2) error affected his substantial rights. *See United States v. Ferguson*, 8 F.4th 1143, 1146–48 (9th Cir. 2021) (reaffirming that "a Rule 11 error doesn't automatically lead to reversal" and "a defendant must continue to show a Rule 11 violation's impact on substantial rights before we will undo a guilty plea").

Montano also claims, relying on *United States v. Fuentes-Galvez*, that the district court violated Rule 11(b)(2) by failing to explicitly confirm on the record his competence and intelligence to enter a guilty plea. 969 F.3d 912, 916 (9th Cir. 2020). But as we recognized in *Ferguson*, the inquiry into competence and intelligence required in *Fuentes-Galvez* "was driven by the defendant's unique susceptibility to coercion"—special circumstances that are not present here. *Ferguson*, 8 F.4th at 1147. Montano offered insufficient evidence that he was uniquely susceptible to coercion, and his counsel conceded the same at oral

6

argument. Accordingly, the district court's Rule 11(b)(2) error did not amount to plain error sufficient to reverse Montano's convictions.[2]

Finally, Montano argues that the district court plainly erred by imposing an unconstitutionally vague condition of supervised release ("Standard Condition 12"), as it failed to specifically define what type of conduct requires a risk notification. Montano did not raise this objection below, so we review for plain error. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). Montano's argument is foreclosed by *Gibson*, in which our court upheld as constitutional a similar risk-notification condition that closely tracked the language used in the Sentencing Guidelines Manual § 5D1.3(c)(12). *See United States v. Gibson*, 998 F.3d 415, 423 (9th Cir. 2021) (holding "there is nothing unconstitutionally vague about Standard Condition 12"). Accordingly, the district court did not plainly err by imposing Standard Condition 12.

For the reasons expressed herein, Montano's convictions, sentence, and conditions of release are hereby **AFFIRMED**.

---

[2] We do not reach the validity of Montano's appellate waiver in his plea agreement, as the government conceded at oral argument that the merits of this appeal may be reached before addressing the waiver's validity.