**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br> v.<br><br>JOHN ROGERS,<br><br>       Defendant - Appellant. | No. 22-10323<br><br>D.C. No.<br>2:17-cr-00018-JAM-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John Mendez, District Judge, Presiding

Submitted May 15, 2024**
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and NAVARRO,*** District Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

John Rogers appeals his conviction, following a guilty plea, for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm "during and in relation to" a drug trafficking crime,[1] in violation of 18 U.S.C. § 924(c)(1)(A). Rogers asks that we vacate his sentence and remand to the district court for further proceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Rogers's sentence and conviction. However, we remand to the district court for the limited purpose of correcting the typographical error in his Judgment of Conviction to reflect the elements of the offense charged in the Indictment.

1. Rogers waived his right to bring this appeal. "An appeal waiver in a plea agreement is enforceable if the language of the waiver encompasses the defendant's right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Minasyan*, 4 F.4th 770, 777–78 (9th Cir. 2021) (citation, internal quotation marks, and alterations omitted). Here, both conditions are met. The language of the appeal waiver in Rogers's Plea Agreement provided that he "g[a]ve up the right to appeal the guilty plea, conviction, and the sentence imposed . . . as long as the sentence does not exceed the applicable statutory maximum sentences." The appeal waiver encompasses Rogers's challenges to both

---

[1] There is a typographical error in the Judgment of Conviction. It should read carrying a firearm "during and in relation to" a drug trafficking crime instead of carrying a firearm "in furtherance of" the same.

his conviction and his sentence. Rogers and his counsel signed the Plea Agreement, and Rogers acknowledged that his decision to plead guilty was made voluntarily, with a full understanding of the agreement. And at the plea colloquy, Rogers affirmed he understood that he was waiving his right to appeal.

Rogers nevertheless contends that his plea was not knowing and voluntary because the title of the charge in the Indictment and Plea Agreement was mislabeled as carrying a firearm "in furtherance of" instead of carrying a firearm "during and in relation to" a drug trafficking crime, thus conflating the two clauses of 18 U.S.C. § 924(c). He argues that this conflation, which the district court repeated at the plea colloquy, deprived him of fair notice of the criminal charges against him. We disagree.

Any typographical conflation in the title of the offense did not deprive Rogers of fair notice because the Indictment and Plea Agreement consistently tracked the required statutory elements of the offense charged. That is, Rogers was accurately advised of the elements of the charge against him. *See Bradshaw v. Stumpf*, 545 U.S. 175, 182–83 (2005). And none of the exceptions Rogers raises to the appellate waiver apply here. Because Rogers's appeal is barred by the waiver of appellate rights contained in the Plea Agreement, we affirm his conviction. *See Minasyan*, 4 F.4th at 777–78.

2. Even if we overlooked the waiver in the Plea Agreement and proceeded to

the merits, Rogers's claims still fail. First, Rogers argues he was charged with a non-existent federal criminal offense. Reviewing for plain error, we conclude there was none. *See United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020). Rogers was not charged with a non-existent federal offense. The Indictment and Plea Agreement referenced the correct charging statute and set forth the essential elements of the offense the Government intended to prove. *See United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) ("[T]he test of sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."). And this Circuit has consistently held that conflation of the elements of § 924(c) does not constitute reversable error. *See, e.g., United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009). Rogers was adequately apprised of the essential elements of the crime charged, and sufficient evidence supported the conviction of the charged offense.

3. Next, Rogers argues his guilty plea lacked an adequate factual basis to support his 18 U.S.C. § 924(c) conviction in violation of Federal Rule of Criminal Procedure 11(b)(3). We review Rogers's unpreserved Rule 11(b)(3) challenge for plain error and find none here. *See United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005). The facts stated in Rogers's Plea Agreement provided sufficient factual basis to support his conviction for carrying a firearm "during and in relation to" a drug trafficking offense.

4. Rogers further argues that the district court's plea colloquy violated Fed. R. Crim. P. 11(b)(1)(G) because the conflation in the title of his offense deprived him of fair notice of the essential elements of the charges against him. Even assuming a Rule 11 violation occurred, this claim fails because any error did not affect Roger's substantial rights.

Rule 11 requires the court to "address the defendant personally in open court[] . . . and inform [him] of, and determine that [he] understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Because Rogers did not object below, on plain error review, he bears the burden of showing that any Rule 11 error affected his substantial rights. *See United States v. Monzon*, 429 F.3d 1268, 1271–72 (9th Cir. 2005); *compare id. with United States v. Arqueta-Ramos*, 730 F.3d 1133, 1139 (9th Cir. 2013) ("Because Arqueta–Ramos preserved her Rule 11 objection, the government has 'the burden of persuasion with respect to prejudice.'" (citation omitted)).

The record does not demonstrate a reasonable probability that the prosecutor and district court's mislabeling of the title of the charged offense impacted Rogers's plea decision. At sentencing, Rogers expressed no confusion or desire to disavow his plea. And the facts presented in the factual basis section of the Plea Agreement supported a conviction for carrying a firearm "during and in relation to" a drug trafficking offense. So even assuming there was a Rule 11 violation, Rogers has

failed to show that any error affected his substantial rights. *See Monzon*, 429 F.3d at 1271–72.

5. Rogers's final challenge is that the Government violated his due process rights by improperly refusing to file a motion for sentence reduction under 18 U.S.C. § 3553(e) based on his substantial assistance. We review *de novo* the legality of a sentence and affirm. *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir. 1995).

Rogers does not make a "substantial threshold showing" that the Government had unconstitutional motives or acted arbitrarily. *See Wade v. United States*, 504 U.S. 181, 185–86 (1992); *see also Murphy*, 65 F.3d at 764 ("Maintaining the effectiveness of the plea negotiation process is a legitimate governmental interest."). To show the Government's alleged bad faith, Rogers relies on a presentation of evidence demonstrating the extent of his assistance. But a prosecutorial decision not to move pursuant to § 3553(e) when a cooperator has provided substantial assistance is not enough to suggest improper motive, nor is the "failure to acknowledge or appreciate [the cooperator's] help . . . ." *Wade*, 504 U.S. at 187. Without more, Rogers has not met his substantial burden of showing that the Government's failure was wholly unrelated to any governmental interest. *See id.* at 186.

For these reasons, we affirm the district court's sentence and Rogers's Judgment of Conviction. We remand to the district court to correct the typographical

error in the Judgment from "in furtherance of" to "during and in relation to" to properly reflect the elements of the § 924(c) offense charged in the Indictment. *See United States v. Kilbride*, 584 F.3d 1240, 1259 (9th Cir. 2009).

**AFFIRMED and REMANDED.**