**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.

NEAL MARTIN BAIN,
    *Defendant-Appellant.*

No. 17-10107

D.C. No.
CR 14-1167 GMS

OPINION

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Filed June 11, 2019

Before: A. Wallace Tashima and Milan D. Smith, Jr.,
Circuit Judges, and Lawrence L. Piersol,[*] District Judge.

Opinion by Judge Tashima

---

[*] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed a conviction for armed bank robbery, vacated a sentence, and remanded for further proceedings.

The panel held that the defendant's inadvertent placement of a closed pocket knife on the bank counter did not constitute the "use" of a dangerous weapon under 18 U.S.C. § 2113(d); and the district court therefore committed plain error under Fed. R. Crim. P. 11(b)(3) by accepting, without a sufficient factual basis, the defendant's guilty plea to armed bank robbery. The panel held that the plain error affected the defendant's substantial rights because it is reasonably probable that the defendant would not have pleaded guilty to that count, but for the Rule 11 error.

### COUNSEL

Tonya Jill Peterson (argued), Law Office of Tonya J. Peterson, Phoenix, Arizona, for Defendant-Appellant.

Andrew C. Stone (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

TASHIMA, Circuit Judge:

Defendant Neal Bain pleaded guilty to committing armed bank robbery. On appeal, Bain contends that the district court violated Federal Rule of Criminal Procedure 11(b)(3) by entering judgment on Bain's guilty plea without a sufficient factual basis for the plea. During the robbery, which Bain admitted committing, Bain inadvertently placed a closed pocket knife on the bank's counter while pulling a plastic bag out of his pocket. We hold that this action did not "put[] in jeopardy the life of any person by the use of a dangerous weapon," which is a requirement for armed bank robbery under 18 U.S.C. § 2113(d). Because the district court committed plain error in accepting Bain's guilty plea without a sufficient factual basis, and the error affected Bain's substantial rights, we reverse Bain's conviction for armed bank robbery, vacate his sentence, and remand for further proceedings.

## BACKGROUND

In 2014, Bain committed a series of bank robberies in order to support his heroin addiction. Without the benefit of a plea agreement, he pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts 1 and 3), and one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 2).

At issue in this appeal is the sufficiency of the evidence for his guilty plea as to Count 2. Bain admits to committing the robbery, but he disputes that it was an armed robbery. On July 2, 2014, Bain entered the Tempe MidFirst Bank, walked

up to a teller, demanded all of the money from the bottom drawer, and kept demanding $100 bills. He then pulled a closed folding knife and a plastic bag out of his pocket and placed the knife on the counter. Bain never opened the knife, *i.e.*, exposed the blade, or threatened to use it. Bain then put the money in the plastic bag and left the bank with $11,115. Bain claims that he pulled out his pocket knife inadvertently while retrieving the plastic bag from the same pocket. He claims that he had no intention of causing fear or intimidating the teller with the knife, and that the knife "wasn't there for commission of the robbery."

At the first change of plea hearing on June 21, 2016, Bain pleaded guilty to Counts 1 and 3, but the hearing stalled when the discussion turned to Count 2. After some discussion of the elements of armed bank robbery and the factual basis for Bain's guilty plea to this count, the magistrate judge said: "I'm not sure that there is a sufficient factual basis to recommend the guilty plea to Count 2 be accepted, because according to the parties' agreement, the proof would have to be that he assaulted and put in jeopardy the life of [the teller] by the use of a dangerous weapon or device, that is, a knife. I'm not sure placing a closed knife on the counter is an assault or would constitute putting in jeopardy the life of [the teller]." Ultimately, the magistrate judge did not accept a guilty plea to Count 2 at this hearing.

At the second change of plea hearing on August 4, 2016, the hearing again stalled on the topic of the required factual basis for a guilty plea to armed bank robbery. After reviewing the factual bases proposed by Bain and the government, the magistrate judge said that the proposed factual basis did not "meet the elements required by the statute or the jury instruction. So I'm not sure why we're

here."  Bain's counsel later asked, "so are you saying that the defendant's proposed factual basis in this request for change of plea hearing on Count 2 is not sufficient?" and the magistrate judge replied, "I don't think so."  However, after re-reading the Ninth Circuit model jury instruction for armed bank robbery, the magistrate judge accepted the proposed factual basis, and both the government and Bain's counsel agreed that there was "enough" in the factual basis.[1]  The magistrate judge then turned to Bain, and Bain expressed confusion about what had just occurred in the proceedings:

> "THE COURT:  So Mr. Bain, now to you. All this lawyer talk.
>
> THE DEFENDANT:  Boy.  It's perplexing."

The court read the proposed factual basis to Bain, and he agreed to it:

> "THE COURT:  [The factual basis says] you then stated you wanted all of the hundreds from the bottom drawer and placed a plastic shopping bag and a closed pocket knife on the counter.  Is this true?
>
> THE DEFENDANT:  Yes, Your Honor."

---

[1] The Ninth Circuit model jury instruction states, in relevant part: "[the defendant intentionally [[struck or wounded [*name of victim*]] [made a display of force that reasonably caused [*name of victim*] to fear bodily harm] by using a [*specify dangerous weapon or device*]."  9th Cir. Crim. Jury Instr. 8.162: Bank Robbery.

The magistrate judge asked Bain no other questions about the knife and made no additional findings regarding whether Bain put the bank teller's life in jeopardy by the use of a dangerous weapon. Concluding the hearing, the magistrate judge said, "it certainly seems to meet the – facts seem to meet the elements of the Ninth Circuit jury instruction on this offense." The magistrate judge then recommended that Bain's guilty plea to Count 2 be accepted by the district court, which the district court did.

When Bain was given an opportunity to speak at his sentencing hearing in front of the district judge, Bain immediately addressed the issue of the knife on the bank counter. Bain explained how he believed he needed the knife for self-protection because he was living on the streets, and said, "thank God I never had to use a weapon against anybody." He then discussed the bank robbery itself and insisted that he never brandished the knife or tried to use it during the robbery:

> When I took the bag out – normally, I would put the money down my shirt. Like in the Washington Federal robbery I put the money down my shirt. In this particular bank I had a bag and it was in my pocket. I took the bag out. The knife was in the same pocket. I put it down because my adrenaline – 'cause what I'm doing is I'm not – I'm not concentrating on doing it.
>
> The employees in the bank, one of the tellers wasn't even aware of the knife. The one teller said I put it on there but made no display with it. And I tell you today, Your

Honor, that that weapon wasn't there for commission of the robbery.

If you'll remember, my last bank robbery [in 1996] was with a pellet gun. And if that – that's an intimidating factor, I imagine, brandishing a pellet gun, because it could be considered a real weapon. I didn't brandish the knife. I simply took it out to obtain the bag. It was right in the same spot at the same time. It was – it was – I didn't unfold it, it was still folded, and that's the truth of the matter, Your Honor.

The district court then sentenced Bain to 137 months of imprisonment for Counts 1 and 3, and 197 months of imprisonment for Count 2, with all counts to run concurrently.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. When a defendant raises an issue on appeal that was not raised before the district court, such as the lack of a factual basis for a guilty plea under Rule 11, our review is limited to plain error.[2] *See* Fed. R. Crim. P. 52(a)–(b); *United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005). In assessing the effect of a Rule 11 error, we must look to the entire record and not to the plea proceedings alone. *Id.* The error requires reversal only if it affected the defendant's substantial rights.

---

[2] "Plain error is '(1) error, (2) that is plain, and (3) affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (citation omitted).

*Id*.  We exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Olano*, 507 U.S. 725, 732 (1993).

## DISCUSSION

## I.  The factual basis requirement of Rule 11

Before accepting and entering judgment on a guilty plea, the district court must determine that there is a factual basis for the plea.  Fed. R. Crim. P. 11(b)(3).  Bain challenges only the factual basis for his plea to the "armed" element of Count 2.   18 U.S.C. § 2113(d) reads:   "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the *use* of a dangerous weapon or device, shall be . . . imprisoned not more than twenty-five years."  (emphasis added).   The government concedes, as stated in its Appellee's Brief, that "The parties all agreed at the change of the plea hearing that the 'assault' portion of the statute did not apply in this matter."   Therefore, the only issue before this Court is whether there was a sufficient factual basis to meet the statutory requirement of "puts in jeopardy the life of any person by the use of a dangerous weapon or device."  More specifically, we focus on what constitutes the "use" of a dangerous weapon during a bank robbery.

## II.  The district court committed plain error.

Under our precedent, Bain did not use a dangerous weapon during the bank robbery.  In an early case, we held that for aggravated robbery, the weapon must be used such

that "the life of the person being robbed is placed in an objective sta[t]e of danger." *Wagner v. United States*, 264 F.2d 524, 530 (9th Cir. 1959). There, we found sufficient use of a weapon where the robber pressed the gun to the victim's side "with such force that it ripped his shirt." *Id.* at 531. Later, in *United States v. Coulter*, 474 F.2d 1004, 1005 (9th Cir. 1973), we imputed *Wagner*'s "objective state of danger" standard to § 2113(d)'s "put[ting] in jeopardy the life of any person" element, which is at issue here.

In *United States v. Odom*, we held that "a bank robber with a concealed gun who never mentions or insinuates having one, but who displays it inadvertently [cannot] be convicted of armed bank robbery." 329 F.3d 1032, 1033 (9th Cir. 2003). We further held that the "use" of a weapon under § 2113(d) requires some type of "active employment" of the weapon. *Id.* (citing *Bailey v. United States*, 516 U.S. 137, 148 (1995), *superseded by statute on other grounds as explained in Welch v. United States*, 136 S. Ct. 1257, 1267 (2016)). In that case, Odom robbed a bank while he had a gun tucked in his waistband. He used a pillowcase to carry out the stolen money and when he put the pillowcase back in his jacket he inadvertently displayed his gun to the bank's branch manager. *Id.* at 1036. The testimony of the branch manager did not indicate that Odom meant to display the gun to her or that Odom was even aware that he had displayed it. *Id.* And we noted, "it seems unlikely that if he meant to actively employ the gun during the robbery, he would have waited until the end, after he had been given the money and was about to depart, before doing so." *Id*. Therefore, we held that Odom did not actively employ a weapon in accordance with the "use" requirement of § 2113(d), and reversed his conviction. In a review of decisions affirming convictions under § 2113(d), the *Odom* court found the "common

denominator" to be "that the robber knowingly made one or more victims at the scene of the robbery aware that he had a gun, real or not." *Id*. at 1035.

Here, Bain's inadvertent placement of the closed pocket knife on the counter similarly did not constitute "active employment" of the knife. *See id.* at 1033. During the robbery, Bain removed from his pocket a plastic bag for carrying the money. As he removed the bag, he also pulled out a closed pocket knife from the same pocket and placed the closed knife on the counter. He never brandished or mentioned the existence of the knife to the teller. Like in *Odom*, Bain inadvertently showed his weapon to the teller when his attention was focused elsewhere. Moreover, in both cases the defendant never mentioned that he had a weapon or referred to it in the course of the robbery. *Id*. at 1036. Bain also did not appear to realize that he was showing the weapon to the teller as he removed it from his pocket. Therefore, as in *Odom*, we conclude that Bain did not "knowingly ma[k]e one or more victims at the scene of the robbery aware that he had a [weapon], real or not." *Id*. at 1035.

The government cites *Bailey* to argue that placing a knife on a counter constitutes a "use" of a weapon under § 2113(d). In *Bailey*, the Supreme Court held that "[t]he active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." 516 U.S. at 148. Furthermore, "[a] reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.' " *Id.* But the words "obvious and forceful" and "can" are key to the Supreme Court's hypothetical. These words illustrate that

context is critical in determining whether the silent presence of a weapon constitutes active employment. It is not merely the presence of the gun but rather the "obvious and forceful" presence of the gun that can (but does not necessarily) support a finding that a gun was used. Therefore, whether the silent presence of a weapon constitutes a "use" under § 2113(d) needs to be decided on a case-by-case basis. Here, Bain's pocket knife on the bank counter does not carry the same "obvious and forceful" weight as the gun in the Supreme Court's hypothetical. The pocket knife remained closed and Bain did nothing to call attention to its presence; there is no evidence that the second teller at the bank even realized at the time of the robbery that there was a knife on the counter.[3] Thus, the silent presence of the knife on the bank counter was not "obvious and forceful," and *Bailey* does not compel a finding that Bain's knife was "used" in the bank robbery. 516 U.S. at 148.

We therefore hold that Bain's inadvertent placement of a closed pocket knife on the bank counter did not "put[] in jeopardy the life of any person by the use of a dangerous weapon or device." *See* 18 U.S.C. § 2113(d). Because there was not a sufficient factual basis to establish that Bain committed armed bank robbery, it was plain error to enter judgment on this guilty plea. *See* Fed. R. Crim. P. 11(b)(3); *United States v. Bingham*, 497 F.3d 665, 669 (9th Cir. 2006) ("For error to qualify as 'plain,' it must be clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection.").

---

[3] The record does not disclose the length of the knife or its blade.

**III.     The error affected Bain's substantial rights.**

In order to show that a plain error affects substantial rights, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea," which would be "sufficient to undermine confidence in the outcome of the proceeding." *Monzon*, 429 F.3d at 1272. "The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *Id*. In *Monzon*, the defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime. *Id.* at 1269. But there was an absence of evidence showing that Monzon intended to possess his gun "in furtherance" of his drug trafficking crime, and Monzon "specifically objected when the district court asked him if he in fact possessed the gun in part to protect the drugs." *Id* at 1273. The record also appeared to show that Monzon was unaware that the amended statement of facts he agreed to was insufficient to support the "in furtherance" element of the crime. *Id*. Therefore, it was reasonably probable that Monzon would have proceeded to trial on the gun-related charge absent the Rule 11 error. *Id*.

Bain's case is very similar to *Monzon* because Bain appeared to be unaware that the facts he agreed to were insufficient to establish a required element of § 2113(d). Throughout this case, including at sentencing and in the Presentence Investigation Report, Bain has consistently and adamantly claimed that the knife was not meant for the robbery and that he did not intend to take the knife out of his pocket. Bain also has confirmed that he did not brandish the knife or even mention its presence to the teller. At his plea hearing, Bain stated on the record that he found the

discussion over the proper factual basis to be "perplexing," so he was likely unaware that there was an absence of evidence to support a conviction under § 2113(d). Taken together, these circumstances show that the Rule 11 error "likely affected [Bain's] assessment of his strategic position." *See Monzon*, 429 F.3d at 1272. It also shows that it was reasonably probable that Bain would have gone to trial on the § 2113(d) charge absent the Rule 11 error. Thus, the plain error affected Bain's substantial rights and the fairness and integrity of the judicial proceedings.[4]

## CONCLUSION

We hold that the district court committed plain error in accepting Bain's guilty plea to Count 2. Bain's inadvertent placement of a closed pocket knife on the bank's counter did not constitute the "use" of a dangerous weapon. We also hold that the plain error affected Bain's substantial rights because it is reasonably probable that Bain would not have pleaded guilty to Count 2, but for the Rule 11 error. We therefore, reverse Bain's conviction for armed bank robbery (Count 2), vacate his entire sentence, and remand for further proceedings consistent with this opinion.[5] *See United States v. Davis*, 854 F.3d 601, 606 (9th Cir. 2017) ("When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes unbundled. Under

---

[4] Additionally, we note that Bain was sentenced to a 60-months greater sentence on the armed count, than on the unarmed counts – 197 months' imprisonment, rather than 137 months' imprisonment.

[5] Because we vacate Bain's sentence on the above ground, we do not reach his remaining contentions that his sentence was both substantively and procedurally unreasonable.

these circumstances, vacating the sentence is required in order to allow the district court to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he remains convicted." (citations, internal quotation marks, and alterations omitted)).**[6]**

**REVERSED in part, sentence VACATED, and REMANDED.**

---

**[6]** Because, presumably, jeopardy has not attached, the government may elect to take Count 2 to trial, reduce the Count 2 charge to unarmed bank robbery, or simply dismiss Count 2. Under any of these scenarios, Bain will have to be resentenced.