FILED

AUG 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30173 |
| Plaintiff-Appellee, | DC No. CR 15-0066 TMB |
| v. | |
| ALEX JOSE TEJEDA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted June 12, 2019
Anchorage, Alaska

Before:    TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Defendant-Appellant Alex Jose Tejeda ("Tejeda") appeals his convictions

following a jury trial for conspiring to distribute and possess with intent to

distribute methamphetamine, cocaine, and heroin in violation of 21 U.S.C. §§ 846,

841(a)(1), (b)(1)(A), and (b)(1)(C) ("Count One"); possessing with intent to

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

distribute methamphetamine, cocaine, and heroin, and fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count Two"); possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Count Four"); and distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Five"). He also appeals the district court's denial of his motion for a new trial and the district court's imposition of special conditions of supervised release, and requests correction of the written judgment regarding Count Five of his conviction. We have jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we affirm Tejeda's convictions as to Counts One, Four, and Five, but reverse as to Count Two. Additionally, we vacate the imposition of the three special conditions at sentencing and remand for resentencing in light of the reversal of Tejeda's conviction as to Count Two. We also direct the district court to correct the form of judgment as to Count Five on remand.

**1.** The use of the language on the special verdict form for Count Two was plain error, and that error affected Tejeda's substantial rights.[1] The required mens rea for possession with intent to distribute is "knowingly." *See United States*

---

[1] Because Tejeda did not object below to the language in the special verdict form, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 730–36 (1993).

2

*v. Mancuso*, 718 F.3d 780, 791 n.6 (9th Cir. 2013).  The special verdict form, however, stated that the jury could convict if it found possession to be "reasonably foreseeable" to Tejeda.  This was plain error.

This error prejudiced Tejeda's substantial rights.  First, the verdict form permitted the jury to convict on a theory that was legally impermissible.  *See United States v. Fulbright*, 105 F.3d 443, 451 (9th Cir. 1997), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc); *United States v. Barona*, 56 F.3d 1087, 1098 (9th Cir. 1995).  The fact that the court provided accurate jury instructions does not cure that defect, as ultimately the incorrect verdict form was right before the jury and was, presumably, the last thing the jury read before entering its verdict.  Second, Tejeda's conviction for Count Two rested on the jury's determination that Tejeda knew that he possessed certain controlled substances found in the trunk of the car that he was driving.  But Tejeda was not the owner of the car, and the drugs were hidden in the trunk in such a way that Tejeda may not have known they were there.  Thus, it is entirely possible that some or all members of the jury chose to convict Tejeda on the legally impermissible basis that he should have "reasonably foreseen," even if he did not know, that the drugs were in the trunk.  Allowing the conviction to stand would be

a "miscarriage of justice." *United States v. Fuchs*, 218 F.3d 957, 963 (9th Cir. 2000).

Accordingly, the use of the special verdict form as to Count Two was plain error. We reverse the conviction as to Count Two, vacate Tejeda's sentence and remand to the district court for further proceedings in light of this decision.[2] *See United States v. Davis*, 854 F.3d 601, 606 (9th Cir. 2017) ("When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes unbundled. Under these circumstances, vacating the sentence is required in order to allow the district court to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he remains convicted." (citations, internal quotation marks, and alterations omitted)); *United States v. Bain*, 925 F.3d 1172, 1179–80 (9th Cir. 2019).

**2.** Tejeda's challenge to the district court's admission of a combination of lay and expert testimony by certain police officers fails. Even assuming that the district court erred in allowing impermissible dual role testimony, any error was harmless. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

---

[2] In doing so, we do not foreclose the possibility that the government may elect to retry Tejeda on Count Two. The government may also decline to do so. Under either of these scenarios, Tejeda will have to be resentenced.

Excluding the testimony challenged by Tejeda, there was more than enough inculpatory evidence on which the jury could convict, including Tejeda's co-conspirators' statements and the drugs found near Tejeda's person. The testimony was also cumulative of other testimony by government witnesses. *See Territory of Guam v. Ignacio*, 10 F.3d 608, 614 (9th Cir. 1993). Thus, it is "more probable than not that the error did not materially affect the verdict."[3] *Seschillie*, 310 F.3d at 1214 (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)..

**3.** Tejeda's arguments that the district court committed plain error in failing to give a multiple conspiracies instruction and a specific unanimity instruction regarding Count One also fail. No multiple conspiracies instruction was required because Tejeda stood trial alone. *See United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011) ("A multiple conspiracy instruction is not required when a defendant 'stands trial alone' because 'there is no problem of spillover.'" (quoting *United States v. Anguiano*, 873 F.2d 1314, 1318 (9th Cir. 1989))). Similarly, no specific unanimity instruction was required because there was no genuine possibility of jury confusion in this case; only two defendants were charged and the facts were straightforward. *Cf. United States v. Lapier*, 796 F.3d

---

[3] The same is true for Tejeda's other evidentiary challenges.

1090, 1096 (9th Cir. 2015). Accordingly, the court did not commit plain error by failing to give either instruction.

4. Tejeda's cumulative error claim also fails, as the aforementioned alleged errors—aside from the special verdict form for Count Two—were either not error or were harmless.

5. Tejeda's challenge to the district court's denial of his motion for a new trial under Federal Rule of Criminal Procedure 33 also fails. First, the district court did not abuse its discretion in denying Tejeda's motion on the basis of newly discovered evidence, *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc), because the evidence to which Tejeda pointed had come to light at trial, and therefore was not newly discovered. *See United States v. Krasny*, 607 F.2d 840, 842–43 (9th Cir. 1979). Second, to the extent that Tejeda's motion for a new trial was in fact a delayed suppression motion under Federal Rule of Criminal Procedure 12(b)(3)(C), the district court did not abuse its discretion in finding that the motion was not timely under Rule 12(b)(3) because it was not raised until after trial. *See United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987); *see also United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019).

6. The district court plainly erred in imposing three special conditions of supervised release in its written judgment without providing notice or including

6

them in its oral sentencing, in contravention of Federal Rule of Criminal Procedure 32(i) and Tejeda's right to be present at his sentencing. *See United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006). Accordingly, the district court should provide proper notice to Tejda of any non-standard condition that it contemplates imposing at resentencing.

7. Finally, the written judgment as to Count Five erroneously states that Tejeda was convicted of both heroin and methamphetamine distribution, even though he was convicted only of methamphetamine distribution. Accordingly, on remand, we instruct the district court to strike the word "heroin" from the written Count Five judgment.

**AFFIRMED in part, REVERSED in part, sentence VACATED and REMANDED.**