**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10219 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00328-JAD-NJK-1 |
| v. | |
| EDGAR ESPINOZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada, Las Vegas
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted May 13, 2020
San Francisco, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,** District

Judge.

In December 2018, defendant-appellant Edgar Espinoza was convicted by

guilty plea of being a felon in possession of a firearm, in violation of 18 U.S.C. §§

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

1

922(g)(1) and 924(a)(2). At sentencing, the district court applied a sentencing enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(4)(A) based on Espinoza's prior conviction for Nevada third-degree arson under Nevada Revised Statute § 205.020 ("N.R.S. § 205.020"). Espinoza now challenges the validity of his conviction and the application of the sentencing enhancement, as well as a condition of supervised release imposed by the district court. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm the district court.

**1.** Espinoza first argues that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which clarified that an individual must know of his felon status at the time he possessed a firearm in order to be convicted of being a felon in possession, *id.* at 2194. Although Espinoza correctly notes that his pre-*Rehaif* indictment and plea colloquy failed to include this knowledge element, the error does not require that we vacate his conviction.

First, the indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction. The Supreme Court has explicitly rejected "the view that indictment omissions deprive a court of jurisdiction," *United States v. Cotton*, 535 U.S. 625, 631 (2002), and this holding applies where an "indictment[] fail[s] to allege the specific intent required" for a crime, *United States v. Velasco-Medina*, 305 F.3d 839, 845-46 (9th Cir. 2002).

Second, the failure of the indictment and plea colloquy to include the element of knowledge of felon status does not require us to vacate Espinoza's conviction. Because Espinoza did not raise this argument before the district court, we review for plain error. *United States v. Bain*, 925 F.3d 1172, 1176 (9th Cir. 2019). Under this standard, a defendant may succeed only by showing that: (1) the proceedings below involved error; (2) the error is plain; (3) the error affected his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006) (citing *United States v. Olano*, 507 U.S. 725, 732-36 (1993)).

It is true that the district court's omission of the knowledge of status element from the indictment and plea colloquy constituted error that was plain, meeting the first two prongs of plain error analysis. *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). Espinoza has not shown, however, that this error affected his substantial rights because he has not "show[n] a reasonable probability that, but for the error, he would not have entered the plea." *Bain*, 925 F.3d at 1178 (quoting *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005)). Espinoza bears the "burden of establishing entitlement to relief." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Espinoza has not pointed to any evidence from which we can conclude that it is reasonably probable he would have gone to trial

instead of pleading guilty if he had been aware that the Government would need to prove that he knew his prior convictions were for crimes punishable by more than one year in prison.

Third, for the first time in his reply brief, Espinoza argues that the district court's failure to inform him of the knowledge of status element constituted a "structural error" that per se affected his substantial rights. *See generally United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). We express no view on this argument, since it was not raised in timely fashion and therefore is deemed forfeited. *See Mai v. United States*, 952 F.3d 1106, 1113 (9th Cir. 2020). Nor do we express a view on Espinoza's Fifth and Sixth Amendment arguments, to the extent they are separate from his jurisdictional and voluntariness arguments, because "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013) (citations omitted).

**2.** Espinoza next argues that the district court erred by applying a sentencing enhancement based on Espinoza's conviction for Nevada third-degree arson under N.R.S. § 205.020 because it is not a predicate "crime of violence" under U.S.S.G. § 2K2.1. Generally, "[w]e review de novo whether a predicate state conviction constitutes a crime of violence under the Guidelines." *United States v. Vederoff*,

914 F.3d 1238, 1243 (9th Cir. 2019). While the Government disputes the appropriateness of this standard here with respect to some of Espinoza's arguments, we need not reach this issue because Espinoza's challenge fails even under de novo review.

U.S.S.G. § 4B1.2(a), which defines "crime of violence" for purposes of U.S.S.G. § 2K2.1, specifically lists "arson" as a crime of violence. We employ a "categorical" approach to determine whether N.R.S. § 205.020 comes within this Sentencing Guidelines definition of arson. *See United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005). Under this approach, N.R.S. § 205.020 may serve as a predicate crime of violence only if its elements are the same as, or narrower than, those of generic arson. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). We have defined generic arson as "a willful and malicious burning of property." *See Velasquez-Reyes*, 427 F.3d at 1230 (citation and internal quotation marks omitted). Espinoza's arguments that N.R.S. § 205.020 is broader than this generic definition of arson fail.

First, Espinoza argues that generic arson's prohibition on "burning" property is narrower than N.R.S. § 205.020's prohibition on causing any part of a building to "be scorched, charred, or burned." *See* N.R.S. § 205.005. However, an examination of the Model Penal Code, treatises, and state law, *United States v. Door*, 917 F.3d 1146, 1151 (9th Cir. 2019) (citations omitted), indicates that

5

modern generic arson includes conduct that results in either scorching or charring. *See, e.g.*, 3 W. LaFave, Substantive Criminal Law § 21.3(b) (3d ed. 2017).

Second, Espinoza argues that Nevada law has a broader mens rea requirement than generic arson. This argument is refuted by *Nevada v. Second Judicial Dist. Court*, No. 79452, 2020 WL 2111333 (Nev. Apr. 30, 2020), in which the Nevada Supreme Court held that N.R.S. § 205.020 arson is a specific intent crime. To the extent there may be a difference between the mens rea for Nevada arson and the mens rea for generic arson, it is that Nevada arson's mens rea is narrower. *See id.* at *5 (declining to adopt the general intent mens rea that our court adopted in *United States v. Doe*, 136 F.3d 631 (9th Cir. 1998), for federal statutory arson and instead describing a narrower mens rea); *Velasquez-Reyes*, 427 F.3d at 1230 (in a categorical approach case, relying on *Doe*'s understanding of federal statutory arson to determine the scope of the generic offense).

Third, Espinoza's argument that N.R.S. § 205.020 is broader than generic arson because it imposes liability where a person "aids, counsels, or procures" an unlawful burning fails because generic arson includes aiding and abetting liability and Espinoza has not "show[n] something *special* about [Nevada's] version of [its aiding and abetting] doctrine." *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189, 191 (2007).

6

Fourth, Espinoza's argument that N.R.S. § 205.020's definition of relevant flammable materials is broader than generic arson's is no more persuasive. Generic arson broadly forbids burning "property," which encompasses the more specific forms of property listed in N.R.S. § 205.020.[1] Thus, the district court properly characterized N.R.S. § 205.020 as a "crime of violence" under U.S.S.G. § 2K2.1.

**3.** Espinoza last argues that one of the conditions of supervised release that the district court imposed ("Standard Condition 12"), which reflects verbatim the "standard" condition recommended in U.S.S.G. § 5D1.3(c)(12), was unconstitutionally vague. Reviewing this unpreserved issue for plain error, we affirm. Any error in the imposition of this condition was not clear or obvious based on our existing case law. *See United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018) (holding that a different risk-notification condition was unconstitutionally vague but indicating that the standard condition recommended in U.S.S.G. § 5D1.3(c)(12) clarifies some of those ambiguities).

**AFFIRMED.**

---

[1] Nor does the rule of lenity counsel in favor of finding that Nevada third-degree arson is not a crime of violence. The rule of lenity only applies where "after seizing every thing from which aid can be derived, the Court is left with an ambiguous statute." *Smith v. United States*, 508 U.S. 223, 239 (1993) (cleaned up). No such ambiguity is present here.