**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10199 |
| Plaintiff-Appellant, | D.C. No. 1:16-cr-00039-1 |
| v. | |
| VINCENT RAYMOND RIOS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for The District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted February 15, 2022
Honolulu, Hawaii

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Vincent Rios, a native of the Northern Mariana Islands and Chamorro speaker, appeals the denial of his motion to withdraw his guilty plea.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  First, Rios argues that his plea was not knowing and voluntary because the court failed to advise him of his *Apprendi* right to a jury finding of drug type and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

quantity. Because Rios did not object, we review for plain error. *United States v. Bain*, 925 F.3d 1172, 1176 (9th Cir. 2019). In *United States v. Minore*, we held that the same type of *Apprendi* error did not seriously affect the fourth element of plain error "[b]ecause overwhelming evidence existed that [the defendant] trafficked in drug quantities . . . in excess of those necessary" for a life sentence. 292 F.3d 1109, 1118–1120 (9th Cir. 2002). Likewise, Rios's claim fails. Rios stipulated in his plea agreement to receiving over eighteen pounds of 97% pure crystalline methamphetamine. A jury would have needed to find only fifty grams of pure methamphetamine to qualify for the sentence imposed. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Failure to advise Rios of this right did not seriously undermine the fairness or integrity of the judicial proceedings. Thus, this error does not invalidate his plea.

2. Rios next asserts that his guilty plea was not knowing and voluntary because his English proficiency was insufficient to understand his plea. We review de novo whether a defendant's plea was knowing and voluntary, and we review a district court's factual findings for clear error. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). And the district court's denial of a motion to withdraw a plea is reviewed for abuse of discretion. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "Where the district court conducts a thorough Rule 11 hearing, this is strong evidence that the defendant comprehended the plea agreement." *Id*. at

1209. The Rule 11 inquiry here was thorough, and the court could reasonably have chosen to discredit Rios's claim that he did not understand his plea, which Rios raised only after receiving the presentence report and recommended sentencing range. Nothing in the record makes the court's conclusion that Rios spoke English sufficiently well for his plea to be voluntary clear error. *See id.* at 1208–10.

In addition, Rios argues that the court erred by requiring him to raise his hand to receive interpretation rather than receive it continuously. Although Rios's constitutional right to an interpreter would be satisfied by having an interpreter "by [his] side continuously interpreting the proceedings," "[a]s long as the defendants' ability to understand the proceedings and communicate with counsel is unimpaired, the appropriate use of interpreters in the courtroom is a matter within the discretion of the district court." *United States v. Lim*, 794 F.2d 469, 470–71 (9th Cir. 1986) (quotation marks and citation omitted). Rios did not object below, and the court's finding that Rios understood English fairly well did not constitute plain error. *See Bain*, 925 F.3d at 1176.

3. Finally, Rios argues that his plea is invalid due to the advice of his counsel. Claims of ineffective assistance of counsel are generally not appropriate on direct appeal. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). We do not find the record here sufficiently developed to allow review or that the legal representation

3

was so inadequate that it obviously denied Rios his Sixth Amendment right to counsel. *Id.* We therefore decline to address this issue.

**AFFIRMED.**